IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONNIE MAX DANIEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-12-309-M |
| v. | ) | |
| | ) | |
| ERIC FRANKLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be denied.

In his Petition, Petitioner asserts a challenge to the convictions entered against him in 1997 in the District Court of McClain County, Oklahoma, Case No. CF-1995-339. Petitioner states that in a jury trial in this case he was convicted of the offenses of (1) trafficking of controlled dangerous substances after former conviction of two or more drug-related felonies (count one); (2) possession of controlled dangerous substance with intent to distribute after former conviction of two or more drug-related felonies (count two); and (3) possession of controlled dangerous substance with intent to distribute after former conviction

1

of two or more drug-related felonies (count three).  Petitioner states that he was sentenced to life imprisonment without possibility of parole ("LWOP") and a fine of $25,000.00 for the conviction in count one; a ten-year term of imprisonment and $10,000.00 fine for the conviction in count two; and a sentence of life imprisonment and $10,000.00 fine for the conviction in count three.  He asserts that on appeal the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions and sentences in counts one and three and reversed the conviction in count two.

Public records of the OCCA reflect that in Petitioner's direct appeal from his convictions in Case No. CF-1995-339 the court issued a decision on March 19, 1999, in which the court affirmed the convictions in counts one and three and reversed the conviction in count two with instructions to the district court to dismiss this count. http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=35818&db=Appellate (docket sheet in Donnie Max Daniel v. State of Oklahoma, Case No. F-1997-1101; accessed March 27, 2012).

Petitioner concedes that he previously sought federal habeas relief in this Court with respect to his convictions and sentences in Case No. CF-1995-339.  Taking judicial notice of the Court's own records, in Daniel v. Ward, Case No. CIV-00-381-M, United States District Judge Miles-LaGrange denied the Petition, and Petitioner did not appeal the decision. Petitioner asserts that he sought post-conviction relief in the state courts on two occasions, once in 2001 and again in 2010, and relief was denied in both post-conviction proceedings.

Petitioner asserts that he is entitled to bring the instant habeas action under 28 U.S.C.

2

§ 2241 because his remedy under 28 U.S.C. § 2254 is "inadequate and ineffective" as a result of the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner also asserts that he should be allowed to bring this action under 28 U.S.C. § 2241 because § 2241 "does not require advance permission to file from the Tenth Circuit Court of Appeals." Petition, at 3.

As his first ground for habeas relief, Petitioner asserts that he was denied due process because "the trial court never acquired jurisdiction to sentence him" with respect to his conviction in count one where he was not "bound over and arraigned" on his prior felony convictions. Petition, at 3-4.  In his second ground, Petitioner asserts that the district judges who presided over his two post-conviction proceedings should have recused themselves because of their personal knowledge and other "conflict of interests." Petition, at 7-8.  In a third ground for habeas relief, Petitioner asserts that his conviction in count one should be reversed because Oklahoma's trafficking statute creates an unconstitutional "non-rebuttable presumption of an intent to distribute drugs on a large scale based solely upon the quantity possessed." Petition, at 9.  In ground four, Petitioner contends that his sentence of LWOP for the trafficking conviction violates the Eighth Amendment's prohibition against cruel and unusual punishment.  He argues that his sentence of LWOP for "mere possession of 24 grams" of methamphetamine is "grossly disproportionate in comparison to [the sentences rendered for similar offenses in] other states and [for] other crimes in this state." Petition, at 15.  Petitioner further asserts that the $25,000.00 fine imposed for his trafficking conviction is constitutionally excessive.  In ground five, Petitioner contends that he was denied effective

assistance of appellate counsel because his appellate counsel did not raise the foregoing claims in his direct appeal.

A habeas petition under 28 U.S.C. § 2241 is not a remedy for challenging the validity of a criminal conviction or sentence. <u>See</u> <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996)(petition under § 2241 "is not an additional, alternative, or supplemental remedy" to § 2254 or § 2255). Because Petitioner is challenging the validity of his 1997 convictions and sentences, § 2241 is not the appropriate avenue for raising his claims. Moreover, despite the restrictions imposed by the AEDPA upon a litigant's opportunity to seek relief in a second or successive habeas petition, second or successive § 2254 petitions are not entirely prohibited. <u>See</u> 28 U.S.C. §§ 2244(b)(2) and (3). Thus, the instant Petition is construed as a petition seeking habeas relief pursuant to 28 U.S.C. § 2254.

In this case, Petitioner has previously sought and been denied relief in a § 2254 habeas proceeding challenging the same convictions and sentences he challenges herein. Therefore, the instant Petition is an unauthorized "second or successive" petition seeking habeas relief. <u>See</u> 28 U.S.C. § 2244(b)(3)(A)(habeas petitioner must request an order from the Tenth Circuit Court of Appeals authorizing district court to consider a second or successive habeas petition). "When a second or successive § 2254 [petition] is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." <u>In re Cline</u>, 531 F.3d 1249, 1252 (10th Cir. 2008). "Factors considered in deciding whether a transfer is in the interest

4

of justice include whether the claims would be time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." Id. at 1251.

Petitioner is obviously aware of the requirement that he obtain authorization from the Tenth Circuit Court of Appeals before filing a second habeas petition.  Petitioner indicated in the Petition that his intent in filing the Petition under 28 U.S.C. § 2241 is to bypass the requirements of 28 U.S.C. § 2244(b)(3)(A).  In light of the fact that the Petition is untimely, the Court should find that it would not be in the interest of justice to transfer Petitioner's successive Petition to the appellate court under 28 U.S.C. § 1631 because his claims are time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations for filing a § 2254 petition.

The AEDPA imposes a one-year period of limitation upon the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1).  As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336  (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).  Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  AEDPA's statutory limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent

5

judgment or claim is pending...." 28 U.S.C. § 2244(d)(2).

Petitioner's convictions in Case No. CF-1999-339 became "final" for purposes of the § 2244(d)(1) limitations period on June 19, 1999, when the time expired for Petitioner to file a petition for certiorari in the United States Supreme Court.  Therefore, the one-year limitations period began to run on June 20, 1999, and expired on June 20, 2000, in the absence of statutory or equitable tolling exceptions.

Petitioner's previous habeas petition does not toll the running of the limitations period. See Duncan v. Walker, 533 U.S. 167, 181-182 (2001)(federal habeas petitions do not toll the limitations period under 28 U.S.C. § 2244(d)(2)).  Petitioner's first post-conviction application, which he asserts was filed in the state district court on June 15, 2001, does not toll the limitations period because the limitations period expired approximately one year before Petitioner filed this post-conviction application. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006)(under 28 U.S.C. § 2244(d)(2), "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations").  Nor does Petitioner's second post-conviction application, which he asserts was filed in the state district court on October 26, 2010, toll the limitations period because the limitations period expired well before Petitioner filed this application. Id.  Accordingly, 28 U.S.C. § 2244(d)(2) is not applicable to toll the running of the limitations period.

Additionally, considering the Petition and Petitioner's allegations of legal errors and his claims of legal, not actual, innocence, there is no basis for applying equitable tolling to excuse Petitioner's delay in filing the instant Petition.  See Gibson v. Klinger, 232 F.3d 799,

808 (10th Cir. 2000)(noting that only in "rare and exceptional circumstances" is the one-year limitations period prescribed in § 2244(d)(1) subject to equitable tolling). Thus, the Petition should be denied as time-barred.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED as time-barred. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by __April 16th__, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___27th___ day of __March__, 2012.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE